UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ANDRES AGUIAR, *pro se*,

             Plaintiff,

             -against-

MDC Warden DUKE TERRELL; MDC
Correctional Counselor, MR. LAWRENCE
MURRAY, JR.; and MDC Unit Manager, MR.
K. PAIGE,

             Defendants.
-----------------------------------------------------------X

**SUMMARY ORDER**
11-CV-3944 (DLI)

**DORA L. IRIZARRY**, United States District Court:

*Pro se* plaintiff Andres Aguiar ("Plaintiff"), currently incarcerated at the Metropolitan Detention Center ("MDC") in Brooklyn, New York, filed the instant complaint pursuant to 42 U.S.C. § 1983 and moved for a temporary restraining order. Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is granted. However, Plaintiff's claims against Warden Duke Terrell ("Terrell") are dismissed for the reasons discussed below. Also, as discussed below, because plaintiff has neither demonstrated a likelihood of success on the merits nor made a showing of immediate or irreparable harm, the motion for a preliminary injunction and a temporary restraining order ("TRO") is denied. Plaintiff's remaining claims against Murray and Paige shall proceed.

In reviewing Plaintiff's complaint, the court is mindful that, in reviewing plaintff's pleadings, "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Accordingly, the court interprets the complaint "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006).

1

# THE COMPLAINT

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C.§ 1915A. Upon review, a district court shall dismiss a prisoner complaint *sua sponte*, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A (b); *Liner v. Goord*, 196 F.3d 132,134 & n.1 (2d Cir. 1999) (noting that under the Prison Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); *see also Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999).

Plaintiff alleges that defendants K. Paige ("Paige") and Lawrence Murray ("Murray") "used threats, intimidation and retaliated against Plaintiff because he engaged in Constitutionally protected conduct by filing grievances, complaints and a civil action against the defendants and other prison officials." (Compl. at 2, ¶ IV.) The complaint does not, however, contain any specific allegations against Terrell. "It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1991)). *See also Blyden v. Mancusi*, 186 F.3d 252, 264 (2d Cir. 1999). Moreover, the Supreme Court has held that "in a § 1983 suit ... where masters do not answer for the torts of their servants – the term 'supervisory liability' is a misnomer . . . [and] each Government official . . . is only liable for his or her own misconduct." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Here, plaintiff fails to allege facts to support a claim that Terrell had any personal involvement in the alleged deprivation of plaintiff's civil rights to support liability under § 1983. Accordingly, Plaintiff's claims against Terrell are dismissed.

## THE TEMPORARY RESTRAINING ORDER

The standards for a Temporary Restraining Order ("TRO") are the same as those governing the granting of preliminary injunctive relief. The general standard for issuing a preliminary injunction requires that the movant show: (a) irreparable harm and (b) either: (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief. *See Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005). "Such relief . . . is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Id.* (internal quotation marks and citation omitted).

Plaintiff's application for injunctive relief essentially seeks a temporary restraining order in the interim, "to return the [plaintiff] to the status quo ante (e.g. same unit, same cell, same typewriter, same opportunity to continue to exercise his constitutional rights to file grievances free of harassment, retaliation, threats and intimidation from the defendants)." (Not. of Mot. at 2.)

Plaintiff's bald allegations, without more, are insufficient to establish irreparable harm. Although Plaintiff has allegedly been deprived of a typewriter, this clearly has not impeded his access to a typewriter and ability to continue to exercise his constitutional rights, as evidenced by the instant complaint and request for a TRO, both of which are typewritten. Notably, Plaintiff has no constitutional right to a typewriter, as the court will and does accept handwritten filings. The fact that Plaintiff has been moved to a unit and cell that he finds less desirable is also unavailing. It is well settled that prisoners are not entitled to dictate where they are housed. *Montanye v. Haymes*, 427 U.S. 236, 243 (1976) (no constitutional right of New York inmate to be placed in any particular facility). Prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that, in their judgment, are needed to preserve internal order and

discipline and to maintain institutional security. *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976); *Pugliese v. Nelson*, 617 F.2d 916, 922-23 (2d Cir. 1980) ("Judicial intervention into the classification of prisoners for monitoring and control purposes would almost inevitably involve the federal courts in the day-to-day operations of our prison system, which are better left to the expertise of prison administration authorities.").

Plaintiff fails to establish how he would suffer irreparable harm in the absence of the requested TRO. Moreover, plaintiff has not demonstrated a likelihood of success on the merits of his claims. Accordingly, Plaintiff's application for a TRO is denied.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for a preliminary injunction and a temporary restraining order is denied. Plaintiff's claims against Terrell are dismissed, and no summons shall issue as to this defendant. Plaintiff's remaining claims against Murray and Paige shall proceed. The United States Marshal Service is directed to serve the summonses, complaint, and this Order upon the remaining defendants without prepayment of fees. A courtesy copy of the same papers shall be mailed to the United States Attorney for the Eastern District of New York. The case is referred to Magistrate Judge Lois Bloom for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915 (a) (3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 269 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      August 19, 2011

/s/
DORA L. IRIZARRY
United States District Judge

4