```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
ANDRES AGUIAR, pro se,                                             :
                                                                   :
                                  Plaintiff,                       :
                                                                   :           MEMORANDUM & ORDER
                  -against-                                        :           11-CV-3944 (DLI)(LB)
                                                                   :
MDC CORRECTIONAL COUNSELOR LAWRENCE                                :
MURRAY, JR., and MDC UNIT MANAGER, K.                              :
PAIGE,                                                             :
                                                                   :
                                  Defendants.                      :
------------------------------------------------------------------ x
```

**DORA L. IRIZARRY, United States District Judge:**

*Pro se* Plaintiff Andres Aguiar ("Plaintiff")[1] filed the instant action asserting a First Amendment retaliation claim against Defendants Lawrence Murray ("Murray") and K. Paige ("Paige") (collectively, "Defendants"), employees of the Brooklyn Metropolitan Detention Center (the "MDC"), under *Bivens v. Six Unknown Named Fed. Narcotics Agents*, 403 U.S. 388 (1971). (*See generally* Complaint ("Compl."), Dkt. Entry No. 1.) Defendants move for dismissal, or alternatively, for summary judgment. (*See* Defendants' Motion for Dismissal or Summary Judgment ("Defs.' Mot."), Dkt. Entry No. 32.) Plaintiff sought an extension of the time to serve his opposition (Plaintiff's Request for Extension, Dkt. Entry No. 37), which the magistrate judge granted (5/14/13 Order, Dkt. Entry No. 42). To date, Plaintiff has not served any opposition papers nor sought any further extensions of his deadline to serve such papers. Accordingly, the Court deems Defendants' Motion fully briefed and unopposed. For the reasons

---

[1] *Pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citation omitted). Courts should "interpret [such papers] to raise the strongest arguments that they suggest." *Forsyth v. Fed'n Emp't & Guidance Serv.*, 409 F. 3d 565, 569 (2d Cir. 2005) (citation and internal quotation marks omitted). Though a court need not act as an advocate for *pro se* litigants, in such cases there is a "greater burden and a correlative greater responsibility upon the district court to insure that constitutional deprivations are redressed and that justice is done." *Davis v. Kelly*, 160 F. 3d 917, 922 (2d Cir. 1998) (citation omitted).

set forth below, Defendants' motion is denied in part and granted in part. This action is dismissed in its entirety.

## DISCUSSION

**I.     Voluntary Dismissal under Rule 41(a)(1)(A)(i)**

Defendants move for dismissal on the ground that Plaintiff voluntarily dismissed the action under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, thereby divesting this Court of jurisdiction as there is no longer a live controversy before the Court. The Court declines to grant the Defendants' motion under the facts and circumstances of this case as doing so would run contrary to the plain language of Rule 41.

The gravamen of Plaintiff's Complaint is that Defendants threatened, intimidated, and retaliated against him for assisting other inmates in filing grievances against various MDC corrections officers. (Compl. ¶¶ 1-29.) At the time Plaintiff filed this action, he was incarcerated at the MDC. On October 23, 2011, Plaintiff submitted a letter to the Court stating that "[b]ased on numerous and continuous acts of harassment, threats, intimidation and retaliation committed against me since the filing of this lawsuit, I move to **dismiss** this civil rights complaint." (Plaintiff's 10/23/11 Letter, Dkt. Entry No. 16.) On November 28, 2011, he filed a second letter, indicating that:

> On October 23, 2011, I moved to dismiss this civil action based on numerous and continuous acts of harassment, threats, intimidation, and retaliation that were committed against me for having filed said suit. My position remains the same, I want to drop this lawsuit to avoid problems with . . . MDC staff.

(Plaintiff's 11/28/11 Letter, Dkt. Entry No. 17.) In this letter, he also sought an order directing the MDC to cease withdrawing funds from his commissary account with respect to the filing fees associated with this action. (*Id*.)

On December 12, 2011, the magistrate judge issued an order informing Plaintiff that "[i]f he wishe[d] to voluntarily discontinue this case, he [should] write to the Court by December 30, 2011 and state unequivocally that he wishe[d] to do so (rather than that he is being forced to withdraw the case.)" (12/12/11 Order, Dkt. Entry No. 18.) Plaintiff did not submit any further requests for dismissal of his action. Thus, this action remained open. Notably, on March 23, 2012, Plaintiff moved for default against Defendants (Plaintiff's Motion for Default, Dkt. Entry No. 23), which the magistrate judge denied (5/9/12 Order, Dkt. Entry No. 26). Subsequently, Defendants filed the instant motion.

Under Rule 41(a), a plaintiff may seek "VOLUNTARY DISMISSAL" of his or her action by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ." Fed. R. Civ. P. 41(a)(1)(A)(i). In the ordinary case, the filing of such a notice results in the immediate closure of the case. Plaintiffs represented by counsel and plaintiffs proceeding *pro se* are permitted to file such notices, whether styled as notices of voluntary dismissal, letters, or motions. *See, e.g.*, *Guthrie v. Fed. Bureau of Prisons*, 2010 WL 339759, at *2 (S.D.N.Y. Jan. 26, 2010) (noting in passing that the *pro se* plaintiff's "Motion to Dismiss" was construed as a voluntary withdrawal of claims). Generally, plaintiffs will be bound by the filing of such submissions, regardless of whether the submissions were filed *pro se*. *See Graham Kandiah, LLC v. J.P. Morgan Chase Bank, N.A.*, 2009 WL 1704570, at *3-4 (S.D.N.Y. Jun. 18, 2009) (denying *pro se* plaintiff's request for relief from a judgment that relied upon *pro se* plaintiff's notice of voluntary dismissal under Rule 41(a)(1)(A)(i) as "a pro se party may not be excused for failing to consult a Federal Rule of Civil Procedure that clearly states the consequences of taking or failing to take a particular action" (citing *Caidor v. Onondaga Cnty.*, 517 F. 3d 601, 605 (2d Cir. 2008)).

However, the Court is aware of no authority that divests the Court of jurisdiction to inquire into whether a *pro se* submission construed as filed under Rule 41(a)(1)(A)(i) was submitted *voluntarily*. Defendants assert that when Plaintiff filed his letters requesting dismissal, his requests were "self-effectuating upon . . . filing, without any need for Court endorsement or action" and the "reasons for withdrawing the case are irrelevant as long as the withdrawal took place before the opposing party had served either an answer or a summary judgment motion." (Defs.' Mem. at 5-7.) Thus, under Defendants' theory, the Court is divested of jurisdiction the moment a notice of dismissal is filed that fits the criteria for dismissal under Rule (a)(1)(A)(i), with no inquiry into whether the notice was filed *voluntarily*, even if the notice contains statements to the contrary.

Defendants note, and the Second Circuit has explained that "[a]s long as the plaintiff has brought himself within the requirements of Rule 41, his reasons for wanting to do so are not for us to judge." *Thorp v. Scarne*, 599 F. 2d 1169, 1171 n.1 (2d Cir. 1979). However, *Thorp*, as well as each of the cases upon which Defendants rely, are distinguishable. None of those cases involve notices of dismissal that simultaneously contain claims that the defendants threatened, harassed, or otherwise coerced the plaintiff into withdrawing his or her action. Moreover, none of those cases involve plaintiffs who are in the custody of the defendants at the time the purported notices of voluntary dismissal were filed. Indeed, there is scant case law analyzing whether courts should review Rule 41(a)(1)(A)(i) notices to determine whether they were filed voluntarily. In *Warfield v. Alliedsignal TBS Holdings, Inc.*, 267 F. 3d 538 (6th Cir. 2001), the Sixth Circuit entertained an appeal from a denial of a motion to vacate a notice of voluntary dismissal. The issue was whether the plaintiff had filed the dismissal voluntarily, or as she asserted, under duress. *Id*. at 542-43. The Sixth Circuit reviewed the evidence in the record

regarding the plaintiff's dismissal of her claims, ultimately rejecting her assertion that she was forced to dismiss her claims. *Id.* at 542-44. This opinion is significant, not for its outcome, but because it suggests that courts have a duty to determine whether a plaintiff's notice of dismissal under Rule 41(a)(1)(A)(i) is, indeed, voluntary. To do otherwise would ignore the plain text of Rule 41(a), which sets forth the criteria for filing a notice of "**VOLUNTARY** DISMISSAL." Fed. R. Civ. P. 41(a) (emphasis added).

In denying Defendants' motion for dismissal for lack of jurisdiction, the Court makes no findings as to the veracity of Plaintiff's assertions of threats, harassment, and coercion. However, the Court cannot, without further inquiry, endorse the Plaintiff's request for dismissal as filed voluntarily under Rule 41(a)(1)(A)(i), particularly when Plaintiff's submissions expressly state otherwise. Thus, the Court retains jurisdiction to entertain Defendants' alternative motions for dismissal.

## II.     Exhaustion

Defendants moved for summary judgment, contending that this action must be dismissed for failure to exhaust administrative remedies. (Defs.' Mem. at 7-12.) For the reasons set forth below the motion is granted in its entirety and this action is dismissed.

### A.     Summary Judgment Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In ruling on a summary judgment motion, the district court must resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment and determine whether there is a genuine dispute as to a material fact, raising an issue for trial." *McCarthy v. Dun & Bradstreet Corp.*, 482 F. 3d 184, 202 (2d

Cir. 2007) (internal quotations omitted).  A fact is "material" within the meaning of Rule 56 when its resolution "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id*.  To determine whether an issue is genuine, "[t]he inferences to be drawn from the underlying affidavits, exhibits, interrogatory answers, and depositions must be viewed in the light most favorable to the party opposing the motion."  *Cronin v. Aetna Life Ins. Co.*, 46 F. 3d 196, 202 (2d Cir. 1995) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam) and *Ramseur v. Chase Manhattan Bank*, 865 F. 2d 460, 465 (2d Cir. 1989)).  "[T]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.  However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."  *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The moving party bears the burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrates the absence of a genuine issue of fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotations omitted).  Once the moving party has met its burden, "the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'"  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis omitted).  The nonmoving party must offer "concrete evidence from which a reasonable juror could return a verdict in [its] favor."  *Anderson*, 477 U.S. at 256.  The nonmoving party may not "rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not

6

credible, or upon the mere allegations or denials of the nonmoving party's pleading." *Ying Jing Gan v. City of New York*, 996 F. 2d 522, 532-33 (2d Cir. 1993) (citations and internal quotations omitted). "Summary judgment is appropriate only '[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" *Donnelly v. Greenburgh Cent. Sch. Dist. No. 7*, 691 F. 3d 134, 141 (2d Cir. 2012) (quoting *Matsushita*, 475 U.S. at 587.)

Local Civil Rule 56.1 requires that a party moving for summary judgment include with the motion a "separate, short, and concise statement of the material facts to which the moving party contends there is no genuine issue to be tried." Local Civ. R. 56.1(a). "When a party has moved for summary judgment . . . and has, in accordance with local court rules, served a concise statement of the material facts as to which it contends there exist no genuine issues to be tried, those facts will be deemed admitted unless properly controverted by the nonmoving party." *Glazer v. Formica Corp.*, 964 F. 2d 149, 154 (2d Cir. 1992). In cases involving a *pro se* litigant, Local Civil Rule 56.2 requires that: "[a]ny represented party moving for summary judgment against a party proceeding *pro se* shall serve and file as a separate document, together with the papers in support of the motion, a 'Notice to Pro Se Litigant Opposing Motion for Summary Judgment' in the form indicated below." Local Civ. R. 56.2. "The notice referred to in the rule advises the *pro se* litigant of the possibility that the complaint may be dismissed and informs the litigant that she must submit evidence countering the facts asserted by the defendant and raising issues of fact for trial." *Arum v. Miller*, 304 F. Supp. 2d 344, 349 (E.D.N.Y. 2003).

Defendants served Plaintiff with a Local Civil Rule 56.2 notice along with their motion for summary judgment (Defendants' 56.2 Notice, Dkt. Entry No. 36) and Plaintiff has not opposed the motion. Accordingly, Defendants' assertions of fact in their Local Civil Rule 56.1 Statement are deemed admitted to the extent they are supported by admissible evidence.

**B.     Exhaustion Requirement**

Under the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or any other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The PLRA's exhaustion requirement applies to *Bivens* claims.  *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Determining whether an inmate has exhausted his remedies is a threshold matter for the court to decide, even when there is a disputed issue of fact.  *See Messa v. Goord*, 652 F. 3d 305, 309 (2d Cir. 2011) ("[Plaintiff] is incorrect that the presence of disputed material facts converts exhaustion into a jury issue.").

"[F]iling an untimely or otherwise procedurally defective administrative grievance or appeal" does not satisfy the PLRA's exhaustion requirement.  *See Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006).  Courts must construe the exhaustion requirement strictly because "[a] prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction" and "[t]he benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance." *Id*. at 95.

The Federal Bureau of Prisons ("BOP") has established a four-step administrative-remedies process that federal inmates must follow to meet the PLRA's exhaustion requirement. First, an inmate must informally present an issue of concern to the staff, who shall then attempt to resolve the issue before that inmate submits a Request for Administrative Remedy.  28 C.F.R. § 542.13(a).  Second, if the inmate is dissatisfied with the informal resolution of his issue of concern, the inmate must submit a formal written Administrative Remedy Request on a BP-9

form 20 calendar days following the date on which the basis for a remedy request occurred. 28 C.F.R. § 542.14(a). Third, an inmate who is not satisfied with the warden's response may submit an appeal on a BP-10 form to the Regional Director within 20 calendar days of the date of the warden's signed response. 28 C.F.R. § 542.15. Finally, an inmate who is not satisfied with the Regional Director's response may submit a final appeal on a BP-11 form to the General Counsel at the Central Office of Appeals within 30 calendar days of the Regional Director's signed response. *Id.* The inmate must use the appropriate forms, which are obtained from the prison staff. 28 C.F.R. §§ 542.14(c), 542.15(b).

### C. Application

Turning to the instant action, the Complaint is void of any assertions as to Plaintiff's attempts to comply with the PLRA's exhaustion requirement. To the contrary, on the first page of his Complaint, Plaintiff concedes that he did not participate in the BOP grievance procedure prior to filing this action. (Compl. at 1.) The undisputed evidence in this case confirms that, prior to the filing of this action, Plaintiff failed to file forms BP-9, BP-10, or BP-11 regarding his allegations against Defendants. (Declaration of Nicole McFarland ("McFarland Decl."), attached as Exhibit B to the Declaration of Layaliza Soloveichik ("Soloveichik Decl."), Dkt. Entry No. 35 ¶¶ 19-21.) Yet, Plaintiff was familiar with the BOP's grievance procedure at the time he commenced this action, as he had previously filed more than 100 such grievances. (*Id*. at ¶ 19.) Under these circumstances, the Court must dismiss Plaintiff's *Bivens* claims for failure to exhaust administrative remedies. *See Johnson v. Rowley*, 569 F. 3d 40, 44-45 (2d Cir. 2009) (per curiam) (affirming dismissal of a prisoner's First Amendment claim for failure to exhaust his claim as required under the PLRA); *see also McDowall v. MDC*, 2010 WL 3521879, at *2

(E.D.N.Y. Aug. 31, 2010) (dismissing prisoner's *Bivens* claim for lack of administrative exhaustion).

In his Complaint, Plaintiff asserts that he was unable to exhaust his administrative remedies prior to filing this action because Defendants "intimidated and threatened" him and "prevent[ed] him" from exhausting his remedies. (Compl. at 1-2.) As the Second Circuit has recognized, an "[a]ppellant's conclusory assertion that prison officials obstructed his utilization of the grievance process is insufficient to raise a genuine dispute of material fact that would defeat summary judgment." *Mitchell v. Senkowski*, 158 F. App'x 346, 350 (2d Cir. Dec. 15, 2005) (summ. or.) (affirming dismissal of prisoner's claims). Moreover, Plaintiff has not established that Defendants' interference prohibited him from exhausting his claims as he could have requested grievance forms from any of the MDC corrections officers, not just Defendants. (McFarland Decl. ¶ 10.) Further, Plaintiff did, in fact, initiate grievance procedures through the BOP after commencing this action. (*Id*. at ¶¶ 22-26.) However, it is well settled that exhaustion under the PLRA must be completed prior to filing a federal action, and steps taken to pursue administrative exhaustion during the pendency of a federal action will not satisfy the PLRA exhaustion requirement. *See, e.g.*, *Neal v. Goord*, 267 F. 3d 116, 122-23 (2d Cir. 2001).

Accordingly, Defendants' motion for summary judgment is granted as Plaintiff has failed to exhaust his administrative remedies prior to commencing this action, which thus is dismissed.

## CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss the Complaint on the ground of lack of subject matter jurisdiction is denied. However, Defendants' motion for summary judgment for failure to exhaust administrative remedies is granted and, thus, this action is dismissed in its entirety. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
       March 31, 2014

/s/
DORA L. IRIZARRY
United States District Judge